PAMELA TSAO (SBN: 266734)
ASCENSION LAW GROUP
12341 Newport Ave., Suite B200
North Tustin, CA 92705
PH: 714.783.4220
FAX: 888.505.1033
Pamela.Tsao@ascensionlawgroup.com

Attorneys for Plaintiff JOHN HO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HO, an individual<br><br>    Plaintiff,<br><br>    vs.<br><br>BRITE SPOT, LLC, a limited liability company; and BSLB, LLC, a limited liability company<br><br>    Defendants. | Case No.: 2:23-cv-01328-SPG-MRW<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 55; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date: September 20, 2023<br>Time: 1:30 pm<br>Location: First Street Courthouse, 350 West 1st Street, Courtroom 5C, Los Angeles, CA 90012. |

# **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on Wedensday, September 20, 2023 at 1:30 p.m., or as soon as the matter can be heard thereafter at the United States District Court, Central District of California located at First Street Courthouse, First Street Courthouse, 350 West 1st Street, Courtroom 5C, Los Angeles, CA 90012, before the Honorable Sherilyn Peace Garnett, Plaintiff JOHN HO will present his motion for a default judgment against Defendants BRITE SPOT, LLC, a limited liability company; and BSLB, LLC, a limited liability company (collectively, "Defendants"). This motion is based on this notice of motion and motion, the files and records submitted herewith, and any other documents the court feels are relevant.

ASCENSION LAW GROUP, PC

DATE: August 23, 2023

_____/s/ Pamela Tsao_____

Pamela Tsao, attorney for Plaintiff

JOHN HO

# **TABLE OF CONTENTS**

I.     **INTRODUCTION** ...................................................................................................1

II.    **LEGAL FACTS** ....................................................................................................1

    a.  **Plaintiff is Disabled** ..................................................................................1

    b.  **Plaintiff Attempted To Visit The Property But Encountered Accessible Barriers.** ...............................................................................1

    c.  **Plaintiff Files His Complaint, Serves Defendant, But Defendants Fail File a Responsive Pleading.** ..........................................2

III.   **LEGAL STANDARD** ............................................................................................2

    a.  **Default Judgment** ......................................................................................2

    b.  **Elements of Plaintiff's Americans With Disabilities Act Claim.** ...........3

IV.    **LEGAL ARGUMENT** ..........................................................................................4

    a.  **Prejudice to Plaintiff** ................................................................................4

        i.    *Plaintiff Is Disabled* ..........................................................................5

        ii.   *Defendants Operated a Public Accommodation* ..............................5

        iii.  *Plaintiff was Denied Public Accommodations, and) Full and Equal Access* ..................................................................................5

        iv.   *Defendants Are Not Entitled To The Readily Achievable Defense* ..........................................................................................6

    *Defendants failed to raise the readiy achievable affirmative defense.* .......................................................................................6

    *Defendants is Not Entitled to the Readily Achievable Defense as the Property Was Constructed After 1992.* ..........................................6

    b.  **The Sum Of Money and Relief Requested In The Default Is Not Too Large Or Unreasonable.** .........................................................7

        i.    *Attorney's Fees* ................................................................................8

        1.    *The Hours Spent Are Reasonable* ...................................................8

        2.    *Tsao's Hourly Rate is Reasonable* ..................................................9

        ii.   *Cost Awards* ...................................................................................10

        iii.  *Injunctive Relief* .............................................................................10

| | | | |
|---|---|---|---|
| 1 | | **c.** | **Possibility of Dispute**..................................................................................11 |
| 2 | | **d.** | **Possibility of Excusable Neglect**...............................................................11 |
| 3 | **V.** | **CONCLUSION** ................................................................................................12 |

# TABLE OF AUTHORITIES

**Cases**

*Ball v. Colco-Tylerton, L.P.*,
　No. SACV010522GLTANX, 2002 WL 32985908, at *2 (C.D. Cal. May 20, 2002) ................................................................................................... 4

*Bernardi v. Yeutter*,
　951 F.2d 971, 974 (9th Cir.1991) ...................................................................... 10

*Blackwell v. Foley*,
　724 F. Supp. 2d 1068 (N.D. Cal. 2010) ........................................................ 9, 10

*Californians for Disability Rights v. California Dep't of Transp.*,
　No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010), ................................................................................................................. 10

*Chalmers v. City of Los Angeles*,
　796 F.2d 1205, 1210 (9th Cir 1986) .................................................................... 8

*Charlebois v. Angels Baseball LP*,
　993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012) ................................................... 10

*Clavo v. Zarrabian*,
　No. SACV03864CJCRCX, 2004 WL 3709049, at *2 (C.D. Cal. May 17, 2004) ..................................................................................................................... 4

*Eitel v. McCool*,
　782 F.2d 1470, 1471–72 (9th Cir.1986) ........................................................ 3, 4

*Elder v. Nat'l Conference of Bar Examiners*,
　No. C 11-00199 SI, 2011 WL 4079623, at *4, fn 4 (N.D. Cal. Sept. 12, 2011) ................................................................................................................... 10

*Fortyune v. Am. Multi-Cinema, Inc.*,
　364 F.3d 1075, 1085, n. 4 (9th Cir. 2004) ........................................................... 4

*Geddes v. United Fin.Group*,
　559 F.2d 557, 560 (9th Cir.1977) ........................................................................ 3

*Hernandez v. Polanco Enterprises, Inc.*,
　19 F. Supp. 3d 918, 931 (N.D. Cal. 2013) .......................................................... 7

*Ketchum v. Moses*,
　24 Cal. 4th 1122 (2001) .................................................................................. 8, 9

*Long v. Coast Resorts, Inc.*,
　267 F.3d 918, 923 (9th Cir. 2001) ....................................................................... 4

*Moore v. Cisneros,*
　No. 1:12-cv-00188, 2012 WL 6523017 (E.D. Cal. Dec. 13, 2012 ...................... 7

*Nat'l Fed'n of the Blind v. Target Corp.*,
    No. C 06-01802 MHP, 2009 WL 2390261, at *1 (N.D. Cal. Aug. 3, 2009) .................................................................................................................. 10

*Johnson v. Huynh,*
    No. CIV S-08-1189, 2009 WL 2777021 *2 (E.D. Cal. Aug. 27, 2009) .............. 8

*Shanghai Automation Instrument Co., Ltd. v. Kuei,*
    194 F.Supp.2d 995, 1005 (N.D.Cal.2001) ......................................................... 11

*TeleVideo Systems, Inc. v. Heidenthal,*
    826 F.2d 915, 917 (9th Cir. 1987) ..................................................................... 11

*Vogel v. Rite Aid Corp.*,
    992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014) ........................................ 2, 3, 7, 12

*Wilson v. Haria & Gogri Corp.,*
    479 F. Supp. 2d 1127, 1132-33 (E.D. Cal. 2007) ........................................... 4, 7

**Statutes**

42 U.S.C. § 12101(a)(5) ............................................................................................ 4

42 U.S.C. § 12102(2)(A); ......................................................................................... 5

42 U.S.C. § 12181(7)(E) ........................................................................................... 5

42 U.S.C. § 12182(a) ................................................................................................ 4

42 U.S.C. § 12188(a)(2), (1) .................................................................................. 11

42 U.S.C. § 12205 .................................................................................................... 8

42 U.S.C. §§ 12188(a)(2) ......................................................................................... 4

California Civil Code § 5 ......................................................................................... 8

California Civil Code § 51(e)(1) .............................................................................. 5

California Civil Code § 51(b) .............................................................................. 3, 5

California Civil Code § 51(f) ................................................................................... 3

California Government Code 12926 ........................................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On July 11, 2023, the Clerk of this Court entered the default against defendants BRITE SPOT, LLC, a limited liability company; and BSLB, LLC, a limited liability company (collectively, "Defendants"). *See* Docket No. 13. The Defendants are not a minor or infant or incompetent person or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Despite the fact that the Defendants have not appeared in this action, Plaintiff John Ho ("Plaintiff") served Defendants with this motion on August 23, 2023. Fed. R. Civ. P. 55(b)(2). Plaintiff hereby submits the following Memorandum of Points and Authorities In Support of Its Motion for Default Judgment ("Motion").

## II.   LEGAL FACTS[1]

### a.   Plaintiff is Disabled

Plaintiff is a T-12 paraplegic, and as a result is unable to walk or stand, and thus requires a use of a wheelchair at all times when traveling in public. (Complaint ¶ 8, Docket No. 1). Plaintiff is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

### b.   Plaintiff Attempted To Visit The Property But Encountered Accessible Barriers.

On November 3, 2021, Plaintiff attempted to visit business complex located at 225 W Anaheim St, Long Beach, CA 90813-3005 (the "Property"). While there, Plaintiff had difficulties patronizing the business because of architectural barriers existing at the Property. (*Id.* at ¶¶ 9, 10). Parking spaces designated as accessible and accompanying access aisles have slopes and/or cross slopes that exceed 2.0%. (*Id.* at

---

[1] The allegations in the complaint relating to liability are taken as true in a default proceeding. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

1

**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT**
**CASE NO.:  2:23-CV-01328-SPG-MRW**

¶ 10). Without a level parking space, it is difficult for Plaintiff to unload/transfer from a vehicle as his wheelchair rolls. *Id.* Moreover, to access the sidewalks and stores, Plaintiff must traverse up a built-up curb ramp that is too steep. To the extent that the curb ramp is intended to be a ramp, it does not have the necessary railings for Plaintiff to safely maneuver up and down. (*Id.*). Additionally, accessible parking spaces are not properly marked and maintained. For example, pavement marking is severely faded making it difficult for Plaintiff to determine which spaces will accommodate Plaintiff's disability. (*Id.*). Additionally, there is loose gravel and broken pavement within accessible parking spaces and access aisles. These conditions make it difficult for Plaintiff as small loose pieces of gravel can get caught in Plaintiff's wheelchair causing him to lose balance and tip over. (*Id.*).

  **c.**   **Plaintiff Files His Complaint, Serves Defendant, But Defendants Fail File a Responsive Pleading.**

On February 22, 2023, Plaintiff filed a Complaint against Defendants. On or about April 5, 2023, Plaintiff served Defendants with a copy of the Summons and Complaint *via* substituted service. *See* Docket No. 14 and 15. Despite Defendants' answer being due by no later than May 5, 2023, Defendants have not filed an answer or otherwise appeared in this action.

### III. LEGAL STANDARD

  **a.**   **Default Judgment**

"A court may enter judgment against parties whose default has been taken pursuant to Rule 55(b) of the Federal Rules of Civil Procedure." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014).

"The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the

material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits." *Id., citing to Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

Once a party's default has been entered, however, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *Vogel, supra,* 992. F. Supp. 2d at 1005 (C.D. Cal. 2015), *citing to Geddes v. United Fin.Group,* 559 F.2d 557, 560 (9th Cir.1977) ("upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). The court, however, must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Vogel, supra,* 992 F. Supp. 2d at 1005 (C.D. Cal. 2014). If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the "amount and character" of the relief that should be awarded. *Id.*

### b. Elements of Plaintiff's Americans With Disabilities Act Claim.

As a general rule, the ADA demands that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (and use) of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1085, n. 4 (9th Cir. 2004). Discrimination under this general rule includes an entity's failure to make its facility readily accessible to, and useable by, the disabled. 42 U.S.C. §§ 12188(a)(2), citing 12182(b)(2)(A)(iv) and 12183(a); *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 923 (9th Cir. 2001). In addition to "outright intentional exclusion," and "relegation to lesser services [and] benefits," other problems identified by Congress include the discriminatory effects of

architectural barriers and the failure to modify existing facilities and practices. 42 U.S.C. § 12101(a)(5).

To prove discrimination stemming from an architectural barrier under the ADA, Plaintiff need only demonstrate that (1) [Plaintiff] is disabled; (2) the facility in question is a place of public accommodation; (3) the facility contains an architectural barrier; (4) [Plaintiff] had actual knowledge of the architectural barrier precluding his full and equal access to the facility, and (5) if the Subject Property was constructed before 1993, then Plaintiff must also show that the removal of such barrier is readily achievable." *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1132-33 (E.D. Cal. 2007); *see also Ball v. Colco-Tylerton, L.P.*, No. SACV010522GLTANX, 2002 WL 32985908, at *2 (C.D. Cal. May 20, 2002) (same); *see also Clavo v. Zarrabian*, No. SACV03864CJCRCX, 2004 WL 3709049, at *2 (C.D. Cal. May 17, 2004).

## IV.   LEGAL ARGUMENT

Plaintiff has satisfied all of the factors set forth in *Eitel*, *supra,* thus warranting this Court to enter a default judgment against Defendants in favor of Plaintiff.

### a.   Prejudice to Plaintiff

Plaintiff has suffered, and continues to suffer, discrimination due to his physical disability because of Defendants' failure to comply with the ADAAG and California Building Code requirements in violation of the ADA and the Unruh Act. *See* Ho Decl. ¶ 5. Defendants have failed to appear and defend itself. Absent entry of a default judgment, Plaintiff will most likely be without recourse against Defendants given Defendants' unwillingness to cooperate and defend. Because Plaintiff will suffer prejudice if he is without recourse against Defendants, this factor favors entry of a default judgment.

### i. *Plaintiff Is Disabled*

As a person who must use a wheelchair for mobility, Plaintiff is clearly a person with a disability as defined by state and federal law. 42 U.S.C. § 12102(2)(A); Calif. Civil Code § 51(e)(1), incorporating Calif. Gov. Code 12926.

### ii. *Defendants Operated a Public Accommodation*

A private entity qualifies as a place of public accommodation under state and federal law if it is doing business with the public and if it meets one of several categories, one of which is a sales establishment. 42 U.S.C. § 12181(7)(E); Calif. Civil Code § 51(b). The Property is a shopping center and thus is a place of public accommodation.  Defendantsthus clearly has a duty to comply with the antidiscrimination provisions set forth in the ADA and California law, as it was the owner of a "public accommodation."

### iii. *Plaintiff was Denied Public Accommodations, and) Full and Equal Access*

Finally, Plaintiff has photographs evidencing his visit to the Property and architectural barriers that prevented him from enjoying full and equal access. (*See* Ho Decl. ¶ 3, Exhibit A).

#### 1. Access aisles are excessively sloped and have curb ramps that protrude out into the access aisles.

ADAAG § 502.4 requires that "[a]ccess aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted."  Moreover the advisory note to ADAAG § 502.4 states that "[a]ccess aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles. … **Built-up curb ramps are not permitted to project into access aisles and parking spaces because they would create slopes greater than 1:48**."  Despite this requirement there are built up curb ramps that protrude into the access aisles that serve

accessible parking spaces.  This is evidenced by the photos Plaintiff took during his visit to the Property on November 3, 2021.  *See* Ho Decl. ¶ 3, Exhibit A.

        iv.      *Defendants Are Not Entitled To The Readily Achievable Defense*

                **1.** *Defendants failed to raise the readiy achievable affirmative defense.*

Defendants waived the readily achievable affirmative defense by failing to raise the affirmative defense in their answer.  Accordingly, Defendants are not entitled to the readily achievable defense, and Plaintiff need not establish that barrier removal is readily achievable.  California District Courts "are generally in agreement that whether barrier removal is readily achievable is an affirmative defense." *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 931 (N.D. Cal. 2013).  "Courts also generally agree that defendants may waive the 'readily achievable' affirmative defense, for instance, by omitting it from their answer." *Id., citing to* , citing to *Wilson v. Haria & Gogri Corp.,* 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007) ("while Defendants would ordinarily be entitled to prove that the removal of the alleged architectural barriers is not 'readily achievable'… the court holds that this is an affirmative defense, which defendants have waived").  Because Defendants failed to file an answer, and thereby waived the readily achievable affirmative defense, Plaintiff need not establish that barrier removal is indeed, readily achievable.

                **2.** *Defendants is Not Entitled to the Readily Achievable Defense as the Property Was Constructed After 1992.*

The "readily achievable" standards apply [only] to buildings constructed before January 26, 1993." *See Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 931 (N.D. Cal. 2013).  Indeed, "Congress adopted two distinct standards for regulating building accessibility: one to apply to facilities existing before January 26, 1993, and the other to apply to facilities newly constructed or altered on or after January 26, 1993." *Californians for Disability Rts. v. Mervyn's LLC*, 165 Cal. App.

4th 571 (2008). "Under the ADA, 'existing facilities' must remove architectural barriers 'where such removal is readily achievable,' meaning 'easily accomplishable and able to be carried out without much difficulty or expense.' If removal of architectural barriers from an existing facility is not readily achievable, the facility must make its goods and services available to disabled individuals through 'alternative methods if such methods are readily achievable.' In contrast, new and altered facilities must be 'readily accessible and usable,' and must comply with extensive and detailed regulations, amounting to a federal building code, known as the ADA Accessibility Guidelines (ADAAG). *Id.* at 584 (internal citations omitted).

Here, Defendants is not entitled to the readily achievable defense because Plaintiff has alleged in his complaint that Defendants made alterations to the Property after January 26, 1993. *See* Complaint ¶ 26. Since the Property was constructed after 1993 and/or altered after January 26, 1993, Plaintiff need not show that barrier removal is readily achievable.

### b. The Sum Of Money and Relief Requested In The Default Is Not Too Large Or Unreasonable.

Plaintiff seeks a total of $6,787.00 in statutory damages, attorney's fees, and costs. Plaintiff also seeks injunctive relief. Courts have readily held that this sum of money in an ADA default judgment is not unreasonable. *See Vogel, supra,* 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (finding that $13,739.20 in a default judgment was "neither too large nor to unreasonable when balanced against [defendants'] actions."); *see also Moore v. Cisneros,* No. 1:12-cv-00188, 2012 WL 6523017 (E.D. Cal. Dec. 13, 2012 (noting that an award of $10,119.70 on default judgment was "not a particularly large sum of money, nor does it appear unreasonable in light of Defendants' actions"); *Johnson v. Huynh,* No. CIV S-08-1189, 2009 WL 2777021 *2 (E.D. Cal. Aug. 27, 2009) (holding that $12,000 was a "relatively small award of damages" in a default judgment case).

**7**
**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT**
**CASE NO.:  2:23-CV-01328-SPG-MRW**

### i. *Attorney's Fees*

Plaintiff is entitled to $5,480.00 in reasonable attorney's fees incurred to date as well as an additional two hours (at $400/hr) which Plaintiff anticipates will be the amount of time spent preparing for and attending the hearing on Plaintiff's Motion for Default Judgment. (*See* Declaration of Pamela Tsao ("Tsao Decl.") In Support of Plaintiff John Ho's Motion for Default Judgment ¶ 12, Exhibit A). The ADA provides that a prevailing plaintiff recover attorney fees and costs. 42 U.S.C. § 12205. The Unruh Civil Rights Act also provides for the award of attorneys' fees to a prevailing plaintiff (Cal. Civ. Code § 52(b)(3)). Plaintiff has prevailed on his Unruh Civil Rights Act and ADA claim and is therefore entitled to his recovery of his attorney fees and costs.

The Court must only make a determination as to what constitutes "reasonable" attorneys' fees. In so doing, the Court first calculates the "lodestar figure" by taking the number of hours reasonably expended on the matter and multiplying it by a reasonable rate. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32, 104 Cal. Rptr. 2d 377, 384 (2001). Thus, once the number of hours is set, "the district court must determine a reasonable hourly rate considering the experience, skill and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

### 1. *The Hours Spent Are Reasonable*

As the first step in the calculation of an equitable award, the Court should determine the number of hours reasonably expended in the litigation of this case. The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorneys, must be a calculation of the attorneys' services in terms of the time he has expended on the case. An "attorney fee award should ordinarily include compensation for all the hours reasonably spent, including

**8**

those relating solely to the fee." *Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010), *citing to Ketchum v. Moses*, 24 Cal. 4th 1122 (2001).

The documentation Tsao has submitted in support of a request for attorney's fees should be sufficient to satisfy the Court, or indeed a client, that the hours expended were actual, non-duplicative and reasonable to apprise the Court of the nature of the activity and the claim on which the hours were spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The billing statements attached as Exhibit A to the Declaration of Pamela Tsao meet this standard. (*See* Tsao Decl., Exhibit A).

The general litigation of the case reasonably and necessarily involved pre-filing investigation and research, court filings, and the preparation and filing of this Motion. (See Tsao Decl. ¶ 13, Exhibit A). Plaintiff's attorney will have expended approximately 13.7 hours when this fee motion is filed. (*Id.*). Tsao also anticipates incurring an additional two hours in preparing for and attending the hearing on Plaintiff's Motion for Default Judgment. (*See Id.* at ¶ 12). There has been no overbilling in this case. This action has been staffed only with one attorney, and thus there has been no duplication of work. All of the hours submitted to the Court in the accompanying declaration of Pamela Tsao and the attached billing were reasonable and necessary in the prosecution of this case.

### 2.  *Tsao's Hourly Rate is Reasonable*

"[T]he established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Reasonable rates are thus "to be calculated according to the prevailing market rates in the relevant community, with close attention paid to the fees charged by lawyers of reasonably comparable skill, experience, and reputation." *Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010), *report and*

*recommendation adopted sub nom.* When considering the rates of other lawyers of comparable skill, experience, and reputation, courts should look to the fees awarded in "other types of equally complex federal litigation...." *Bernardi v. Yeutter,* 951 F.2d 971, 974 (9th Cir.1991) (citing *Hensley,* 461 U.S. at 430 n. 4).

In this case, Tsao bills $400 per hour for her ADA work. Tsao's hourly rate is not only commensurate with other attorneys in the same practice area and experience as Ms. Tsao, but is actually less than what other similar attorneys charge. *See Elder v. Nat'l Conference of Bar Examiners*, No. C 11-00199 SI, 2011 WL 4079623, at *4, fn 4 (N.D. Cal. Sept. 12, 2011) (the court found that a rate of $535/hr was reasonable for an attorney with eight years of experience; the same as Tsao); *see also Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1084 (N.D. Cal. 2010) (the court noted with approval the hourly rate of $425 for an attorney with 7 years' experience, which was the rate set in *Nat'l Fed'n of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261, at *1 (N.D. Cal. Aug. 3, 2009)); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012) (approved hourly rates of $500/hr and $475/hr for an attorney with six and five years of experience respectively).

### ii. *Cost Awards*

Federal Rules of Civil Procedure Rule 54 provides that a prevailing party to a default judgment is entitled to an award of costs. Here, Plaintiff incurred the following costs, as established by Local Rule 54-3: $402 in filing fees (*See* Docket No. 1); $105 fees for service of process (*See* Docket No. 14,15; *see also* Tsao Decl. ¶ 14).

### iii. *Injunctive Relief*

Plaintiff is also entitled to injunctive relief under ADA § 308(a)(2) to remove those architectural barriers and ADA § 308(a)(1) to take whatever other measures are necessary to provide him "full and equal enjoyment" of the store. 42 U.S.C. § 12188(a)(2), (1), respectively. More importantly, because those same inaccessible

**10**
**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT
CASE NO.: 2:23-CV-01328-SPG-MRW**

elements also violated California law, Plaintiff is also entitled to injunctive relief under Unruh Act to remove the same. Calif. Civil Code §§ 51(b), 51(f), 52(a).

### c. Possibility of Dispute

Plaintiff has adequately alleged disability discrimination in violation of the ADA and the Unruh Act by enumerating, in his Complaint, the architectural barriers present at the Property. Defendants have failed to appear and have therefore admitted all material facts alleged in Plaintiff's pleading. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount *918 of damages, will be taken as true"). Since Plaintiff's factual allegations are presumed true and Defendants have failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment. This factor, therefore, favors the entry of default judgment against Defendants.

### d. Possibility of Excusable Neglect

The record indicates that Defendants had adequate notice that it had been sued as it was properly served with the summons and complaint, the application for clerk to enter default, and the instant motion for default judgment. See *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F.Supp.2d 995, 1005 (N.D.Cal.2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, Defendants' default was not the product of excusable neglect. This factor thus weighs in favor of the entry of default judgment. *Vogel, supra,* 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014).

### e. Policy Favoring Decisions on the Merits.

Since Defendants failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment against him. Defendants' failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. *Id.*

## V. CONCLUSION

Based on the foregoing authorities and analysis, plaintiff respectfully requests this Court enter judgment in the amount of $6,787.00 against Defendants which breaks down as follows: Attorney Fees $6,280.00; Costs $507.00. Plaintiff also demands injunctive relief under the ADA and Unruh Act, requiring Defendants to bring the Property into compliance with the ADAAG.

DATE: August 23, 2023

ASCENSION LAW GROUP, PC
 /s/ Pamela Tsao_____
Pamela Tsao, attorney for Plaintiff

JOHN HO

# PROOF OF SERVICE

**CASE NAME:** *HO vs. BRITE SPOT, et al*

**CASE NUMBER:** 2:23-CV-01328-SPG-MRW

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 12341 Newport Ave., Suite B200; North Tustin, California 92705

On August 23, 2023, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 55; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

BRITE SPOT, LLC
BSLB, LLC
c/o
KJMLAW PARTNERS
301 E. Colorado Blvd., Suite 600
Pasadena, CA 91101

**[X]  BY MAIL**

**[X]**  I deposited such envelope in the mail at North Tustin, California. The envelope was mailed with postage thereon fully prepaid.

**[X]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at North Tustin, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Dated: August 23, 2023                    /s/ Pamela Tsao
                                          Pamela Tsao