UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01328-SPG MRW) | Date | October 19, 2023 |
| Title | John Ho v. Brite Spot LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS FEES [ECF No. 27].**

<u>**Ruling**</u>

Before the Court is Plaintiff's Motion for Default Judgment and Attorney's Fees ("Motion"). (ECF No. 27 ("Mot.")). The Court has read and considered the matters raised with respect to the Application and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the Motion, accompanying declarations, the relevant law, and the record in this case, the Court DENIES the Motion.

**I. Background**

Plaintiff John Ho is a "T-12 paraplegic" and requires the use of a wheelchair at all times because he is unable to walk or stand. (ECF No. 1 ("Compl.") ¶ 8). On November 3, 2021, Plaintiff visited the shopping center located at 225 W. Anaheim St., Long Beach, CA 90813 (the "Property") hoping to patronize the "Five Quarters Market" convenience store located on the Property. (*Id.* ¶ 1). However, Plaintiff alleges that he encountered several barriers that denied his ability to use or enjoy the goods at the Property. (*Id.* ¶ 10). Plaintiff alleges the following barriers: (1) designated accessible parking spaces with slopes exceeding 2.0%; (2) steep "built-up" ramps without railings; (3) accessible parking spaces that were not properly marked or maintained, including faded pavement, loose gravel, and broken pavement. (*Id.*). Because Plaintiff encountered these barriers, he alleges that experienced difficulty and discomfort navigating the parking lot. (*Id.* ¶ 12). Further, Plaintiff alleges that he is deterred from returning to the Property despite his desire to patronize the convenience store at the Property. (*Id.* ¶ 12). Plaintiff alleges that Defendants Brite Spot, LLC, and BSLB, LLC, ("Defendants") own the Property. (*Id.* ¶ 2).

Plaintiff initiated this action on February 22, 2023, against Defendants asserting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01328-SPG MRW) | Date | October 19, 2023 |
| Title | John Ho v. Brite Spot LLC, et al. | | |

violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52. (Compl.). The Court declined to exercise supplemental jurisdiction over the Unruh Act claim and dismissed it without prejudice, leaving only the ADA claim at issue. (ECF No. 13). Upon Plaintiff's request,[1] the Clerk entered default against Defendants on July 11, 2023. (ECF No. 24). On August 23, 2023, Plaintiff moved for default judgment. (ECF No. 27 ("Mot.")). Defendants have not appeared in this action.

## II.   Legal Standard

Federal Rule of Civil Procedure 55(b) permits the Court to enter default judgment after the Clerk enters default under Rule 55(a). First, however, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies, and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). C.D. Cal. L.R. 55-1.

The Ninth Circuit has identified seven factors (the "*Eitel* factors") in exercising discretion as to the entry of a default judgment including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "The general rule [is] default judgments are ordinarily disfavored." *Id.* at 1472.

Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir.1992). Granting default judgment is not automatic, even if entry of default has been made by the court clerk; instead, it is left to the sound discretion of the court. *See PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

---

[1] The Court notes that there were several deficient requests for entry of default. *See* (ECF Nos. 17–20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01328-SPG MRW) | Date | October 19, 2023 |
| Title | John Ho v. Brite Spot LLC, et al. | | |

**III.     Discussion**

Plaintiff appears to have met the procedural requirements of Local Rule 55-1. Plaintiff's application for default judgment included that default was entered against Defendants on July 11, 2023.[2] (Mot. at 7; ECF No. 27-1 ("Tsao Decl.") ¶ 2). Plaintiff provided notice of the Motion to Defendants. (Tsao Decl. ¶ 6). Counsel's declaration attests to the remaining elements of Local Rule 55-1, specifically that Defendants are not minors, infants, or otherwise incompetent persons, and that the Servicemembers Civil Relief Act does not apply. (*Id.* ¶¶ 4–5).

Substantively, however, the Court finds that the second and third *Eitel* factors, treated as "the most important factors," weigh against the entry of default judgment. *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM (PLAx), 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013); *Yiun v. Phillips*, Case No.: 2:21-CV-07504 AB (KESx), 2022 WL 2204140, at *2 (C.D. Cal. Jan. 26, 2022). To prevail on a Title III discrimination claim, a plaintiff must establish that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)); *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). In the context of existing facilities, discrimination includes "a failure to remove architectural barriers . . ." where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imps*. (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011).

Plaintiff has adequately established the first element that he is disabled. Otherwise, however, Plaintiff's Motion is deficient. First, Plaintiff fails to show that Defendants are responsible for the alleged ADA violations. Second, Plaintiff makes no attempt to plead or show that removal of the alleged access barriers is readily achievable.

First, Plaintiff's Motion and Complaint do not plausibly allege that "the defendant is a private entity that owns, leases, or operates a place of public accommodation." *Molski*, 481 F.3d at 730 (9th Cir. 2007). The sum total of Plaintiff's allegations regarding the Defendants' relationship to the property are: (1) "[o]n information and belief, Plaintiff alleges that Defendant is or was at the time of the incident, the owner, operator, lessor and/or lessee of the Property, and consist of a person (or persons), firm, company, and/or corporation," (Compl. ¶ 7); and (2) "[t]he Property is a shopping center and thus is a place of public accommodation[,] Defendants

---

[2] The Court notes that counsel's declaration contains a typographical error, stating that default was entered against Defendants on July 11, 2021, not 2023. (Tsao Decl. ¶ 2). Because Plaintiff uses the correct date elsewhere in the Motion, (Mot. at 7), which was served on Defendants, the Court finds that Plaintiff still appears to have met the procedural requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01328-SPG MRW) | Date | October 19, 2023 |
| Title | John Ho v. Brite Spot LLC, et al. | | |

[ ] thus clearly has a duty to comply with the antidiscrimination provisions set forth in the ADA and California law . . ." (Mot. at 11). While there are photos attached to Plaintiff's complaint, nothing in the photos identifies either of the Defendants by name. *See* (ECF 1-1 ("Ex. A")). These allegations are insufficient to demonstrate that the named Defendants are a private entity that owns or operates a place of public accommodation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 ("[A] formulaic recitation of the elements of a cause of action will not do.") (cleaned up)).

Second, Plaintiff fails to address the burden-shifting framework for the "readily achievable" showing set forth by the Ninth Circuit *in Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). Under the third element of the ADA, discrimination includes a showing that Defendants' failed "to remove architectural barriers . . . where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv). The burden-shifting framework imposes a burden on ADA plaintiffs moving for default judgment to articulate a "plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits." *Lopez*, 974 F.3d at 1038. (cleaned up). Only after ADA plaintiffs make this showing does the burden shift to the defendants. *Id.* at 1038–39. Even looking beyond Plaintiff's Motion to the Complaint, the only allegation set forth is one boilerplate, generalized allegation that "Defendant has possessed and enjoyed sufficient control and authority to modify the Property to remove impediments to wheelchair access and to comply with the [ADA]." (Compl. ¶ 14); *see also Soto v. Rio Gary II, L.P.*, Case No. 2:21-cv-02829-ODW (MAAx), 2022 WL 112047, at *4 (C.D. Cal. Jan. 12, 2022) (finding the plaintiff had failed to meet the "readily achievable standard" when alleging "boilerplate, generalized allegations," because in doing so, the plaintiff "ask[ed] the Court to simply assume, the 'readily achievable' requirement—which, after *Lopez*, the Court may not do." (citing *Lopez*, 974 F.3d at 1038)); *Le v. Little Saigon Square Garden Grove, LLC,* Case No.: 8:22-cv-01760-FWS-KES, 2023 WL 2629162, at *6 (C.D. Cal. Mar. 13, 2023) ("These conclusory statements do not plausibly demonstrate how the costs of removing the architectural barriers do not exceed the benefits."). Plaintiff has failed to meet its burden under *Lopez*, and thus failed to demonstrate discrimination under the third ADA prong.

Because Plaintiff fails to demonstrate the substantive merits of his claims and because of the conclusory allegations in the complaint, the Court DENIES the Motion for Default Judgment and does not reach Plaintiff's request for fees.

Additionally, the Court is concerned that Plaintiff, a high-frequency litigant, (Compl. ¶ 8), and Plaintiff's counsel, attorney of record for many high frequency litigants,[3] relied on outdated

---

[3] Counsel represented that she did not technically meet the standard for being an attorney of record for "10 or more high-frequency litigant plaintiffs," but further attached her PACER records that demonstrated she was counsel of record in more than 50 ADA cases in "the 12 months preceding the filing of this action." (ECF No. 12-3 ¶ 2; ECF No. 12-4 at 1–4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-01328-SPG MRW) | Date | October 19, 2023 |
|---|---|---|---|
| Title | John Ho v. Brite Spot LLC, et al. | | |

case law to avoid showing that Defendants' removal of the alleged access barriers is readily achievable. In Plaintiff's discussion of the "readily available standard," Plaintiff argues that Defendants "waived the readily achievable defense" by failing to raise it in their answer and that the "readily achievable standards apply only to buildings constructed before January 26, 1993." (Mot. at 12 (cleaned up)). However, Plaintiff's counsel relies on expressly abrogated law in an apparent attempt to avoid Plaintiff's burden under *Lopez.* (Mot. at 12 (citing *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007)); *see Whitaker v. Prime Oil Mgmt., L.L.C.*, Case No. CV 20-10649-MWF, 2021 WL 4353246, at *4 (C.D. Cal. Apr. 8, 2021) ("Plaintiff is wrong and relies upon bad law." (citing *Wilson*)); *Williams v. P.I. Properties No. 42, L.P.*, Case No. 2:22-cv-05023-ODW (JPRx), 2022 WL 16556018, at *5 (C.D. Cal. Oct. 31, 2022) ("*Wilson*'s discussion regarding the "readily achievable" requirement is no longer good law in light of *Lopez.*"); *Fernandez v. Martinez*, Case No. 2:20-cv-08602-FLA (KSx), 2023 WL 3269772, at *5 (C.D. Cal. Apr. 5, 2023) (same). Indeed, courts have rejected Plaintiff's counsel's identical arguments in other cases for which she has appeared as the attorney of record. *See Le* 2023 WL 2629162, at *7 (rejecting plaintiff's attempt to "to avoid *Lopez's* burden-shifting framework by arguing that Defendant is not entitled to the readily achievable defense because Defendant failed to file an Answer, thus waiving the defense" (internal citation omitted)); *see also Truong v. RH-Lambert/Brea Assocs., L.P.*, No. 8:22-CV-01050-FWS, 2023 WL 2629022, at *6 (C.D. Cal. Feb. 23, 2023) (rejecting plaintiff's argument regarding the construction or alteration date "inapposite because the federal regulations explicitly indicate that newly constructed or altered facilities also qualify as existing facilities subject to title III's continuing barrier removal obligation" (citing 28 C.F.R. § 36 App'x A) (internal quotation marks omitted)).

Based on Plaintiff's counsel's filings in other cases in which she represents Plaintiff, it appears counsel was aware of *Lopez* and the burden-shifting framework as early as February 2022. *See Ho v. 8147 Arroyo, LLC*, Case No. 8:21-cv-01216-CJC-ADS, Dkt. 32 at 14.[4] By citing to outdated law, even after being "denied nearly identical motions for default judgment filed by Plaintiff's counsel on this very issue," *Williams*, 2022 WL 16556018, at *4, the Court is concerned that Plaintiff's counsel is not complying with her ethical obligations. Accordingly, the Court orders Plaintiff's counsel to show cause why the Court should not impose sanctions for advancing frivolous arguments before this Court, among other potential violations.[5] In

---

[4] The Court takes judicial notice of the motion for default judgment filed in *See Ho v. 8147 Arroyo, LLC*, Case No. 8:21-cv-01216-CJC-ADS, Dkt. 32. *See* Fed. R. Evid. 201.

[5] *See also Williams*, 2022 WL 16556018, at *4 (ordering counsel to show cause regarding sanctions when counsel was "well aware of the change in law following *Lopez.*"); *Williams v. P.I. Properties No. 42, L.P.*, Case No. 2:22-cv-05023-ODW (JPRx), 2022 WL 17252573, at *1 (C.D. Cal. Nov. 28, 2022) (imposing sanctions for relying on outdated law in template, boilerplate motions for default judgment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01328-SPG MRW) | Date | October 19, 2023 |
| Title | John Ho v. Brite Spot LLC, et al. | | |

counsel's response, counsel should address, at least: (1) Federal Rule of Civil Procedure 11(b)(2) regarding frivolousness and (2) counsel's ethical duties, including counsel's duty of candor to the Court, Cal. R. Prof'l Conduct 3.1(a)(2), 3.3(a)(2). The Court is considering imposing sanctions up to the amount claimed by counsel in its request for attorney's fees.

**IV.   Conclusion**

For all the foregoing reasons, the Court DENIES Plaintiff's Motion for Default Judgment; and further ORDERS Plaintiff's counsel to SHOW CAUSE why sanctions should not be imposed.

**IT IS SO ORDERED.**

: 

Initials of Preparer   pg